JOHN H. HEIDBREDER, Appellant, v. SUPERIOR ICE & COLD STORAGE COMPANY et al.

(No. 2.)

Division One, November 23, 1904.

CORPORATION: Transfer of Properties to Stockholders: Distribution of Proceeds: Costs of Appeal. Where the transfer of the properties of a corporation to its stockholders in payment of money honestly loaned to the company by them and in consideration of their paying its other debts is by this court held to be valid, in a suit by one of the stockholders to have that transfer set aside, which was done by the trial court, and the property was subsequently sold while a motion for a new trial was

pending, an appeal by such stockholder from an order of distribution of the moneys obtained by such subsequent sale, will be dismissed at the cost of the appellant, since the judgment of this court setting aside the judgment of the trial court necessarily set aside the order of sale and distribution.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED.

*Barclay & Fauntleroy* for appellant.

*H. A. Haeussler* and *C. S. Broadhead* for respondents.

MARSHALL, J.—This is an appeal by the plaintiff from a refusal of the circuit court to modify the decree relating to the distribution of the proceeds of the sale of the ice plant, referred to in the case of John H. Heidbreder v. Superior Ice & Cold Storage Company et al., found on page 446 of this report. The conclusion reached in that case makes it unnecessary to consider that decree in this case. As the appellant suffered no loss by the decree of the circuit court, he has no ground of complaint, and, therefore, no right to have the judgment modified. The judgment of the circuit court having been reversed in that case, and the cause remanded to the circuit court with directions to set aside all its orders and decrees and to dismiss the case, and as this will leave no judgment in the case except an order of dismissal of the cause, there is nothing to do in this case but to reverse the said judgment, but as this is done because the judgment has been adjudged wrong on the defendants' appeal and not because of any error that was committed against the plaintiff, the costs of this appeal are hereby assessed against the plaintiff.

All concur.